IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| BETTY FRYE,<br><br>Appellant,<br><br>v.<br><br>NORTHSHORE EARLY LEARNING, INC., a Washington corporation, formerly known as NORTHSHORE MONTESSORI INC., a Washington corporation; and BILLIE JO FRYE-DOWNIE,<br><br>Respondents. | No. 87035-1-I<br><br>UNPUBLISHED OPINION |

BOWMAN, A.C.J. — Betty Frye and Billie Jo Frye-Downie loaned Northshore Montessori Inc. $1,550,000. The parties executed a promissory note (Note), naming Frye and Frye-Downie as copayees without alternative. And they secured the Note with a deed of trust (Deed), naming Frye and Frye-Downie as joint tenants with the right of survivorship. Northshore defaulted on the Note, and Frye sued for breach of contract and judicial foreclosure. But Frye-Downie refused to join the lawsuit, so Frye named her as a defendant. Northshore and Frye-Downie then jointly moved to dismiss the lawsuit under CR 12(b)(6), arguing that Frye-Downie as copayee on the Note was a necessary plaintiff to Frye's lawsuit under CR 19. The court granted the motion and dismissed the case without prejudice. Because the trial court did not engage in a complete CR

19 analysis before dismissing Frye's lawsuit, we reverse and remand for further proceedings.

FACTS

In June 2013, Frye and her daughter, Frye-Downie, loaned $1,550,000 to Northshore. Frye-Downie's ex-husband, Thomas Downie, was the president of Northshore. Frye provided all the funds for the loan.

To memorialize the terms of the loan, the parties executed the Note, naming Frye and Frye-Downie as copayees without alternative. Northshore agreed to make monthly interest-only payments to Frye and Frye-Downie at six percent interest followed by a single balloon payment of the $1,550,000 balance on June 15, 2018. The parties secured the Note with the Deed, recorded against real property in Bothell. The Deed named "Betty Frye, an unmarried woman and Billie Jo Frye-Downie, an unmarried woman, as joint tenants with right of survivorship and not as tenants in common" as the grantees. Frye intended the joint tenant designation as "an estate planning mechanism" to pass the benefit of her investment to Frye-Downie and her other children after her death.

In March 2015, Frye and Frye-Downie agreed to subordinate their interest in the Deed to PBRELF I, an LLC that also secured the Deed as collateral for a loan to Northshore. Both Frye and Frye-Downie executed a subordination agreement, asserting that they are "forever estopped from asserting a right to any proceeds from the Property until such time as all principal, interest, default interest, late charges and other sums owed to [PBRELF I] have been paid in full."

2

Northshore defaulted on the Note. As a result, Frye wanted to sue to enforce the Note. But Frye-Downie refused to join any lawsuit enforcing the Note. So, on March 18, 2024, Frye sued Northshore[1] and Frye-Downie. She alleged that Northshore breached the terms of the Note when it "failed to pay the amounts due and owing as of June 15, 2018." She also alleged that because of the breach, she is entitled to judicial foreclosure on the Deed. Finally, Frye sought a declaratory judgment that "she is the equitable owner of the [N]ote and Beneficiary of the Deed . . . and is entitled to proceed without [Frye-Downie] joining."

On May 31, 2024, Northshore moved to dismiss Frye's lawsuit. It argued that Frye cannot enforce the Note without joining Frye-Downie as a plaintiff because "both Frye and Frye-Downie own 100 [percent] of the Deed . . . and there is no divided interest." And it argued Frye cannot maintain an action for judicial foreclosure because she subordinated her right to the Deed to PBRELF I. Frye-Downie joined Northshore's motion. Frye opposed the motion, arguing that her right to enforce the Note is distinct from her action to foreclose on the Deed and that she alleged sufficient facts to support both claims. On June 21, Frye moved for partial summary judgment on her claims.

On July 19, 2024, the trial court heard oral argument on Northshore's motion to dismiss and Frye's motion for partial summary judgment. On July 23,

_____

[1] This is Frye's third lawsuit against Northshore. Frye sued once in 2017 and again in 2019. Frye's first lawsuit resulted in an opinion by this court. *See Frye v. JDH Inv. Grp. LLC*, No. 79318-7-I (Wash. Ct. App. Apr. 6, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/793187.pdf. The trial court dismissed her second lawsuit on summary judgment. The issues here are unrelated to those prior cases.

the court issued an order granting Northshore's motion. It determined that "both instruments require co-payees and joint tenants to pursue a claim under the . . . Note or Deed," so "one co-payee cannot bring a claim without the other co-payee joining as a plaintiff, and as a joint tenant Plaintiff cannot pursue her claim without the other joint tenant joining as a plaintiff." The court dismissed Frye's lawsuit without prejudice.

Frye appeals.[2]

ANALYSIS

Frye argues the court erred by dismissing her lawsuit under CR 12(b) because it did not engage in a full CR 19 analysis. We agree.

We review a trial court's decision to dismiss a lawsuit for failure to join a necessary party for abuse of discretion. *Gildon v. Simon Prop. Grp., Inc.*, 158 Wn.2d 483, 493, 145 P.3d 196 (2006). And we review any legal conclusions underlying that decision de novo. *Id.* A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. *Mayer v. Sto Indus., Inc.*, 156 Wn.2d 677, 684, 132 P.3d 115 (2006). It is an abuse of discretion for the court to apply the wrong legal standard or base its rulings on an erroneous view of the law. *Id.*

CR 19 addresses when joinder of absent persons is needed for a just adjudication of a lawsuit. *Auto. United Trades Org. v. State*, 175 Wn.2d 214, 221, 285 P.3d 52 (2012). A party may move to dismiss a claim for failure to join

---

[2] A commissioner of this court ruled that Frye could appeal from the order dismissing without prejudice as a matter of right. Northshore did not appeal that ruling.

a party under CR 19. CR 12(b)(7).[3] CR 12(b)(7) dismissal for failure to join a party under CR 19 is a drastic remedy and should be employed sparingly when there is no other ability to obtain relief. *Gildon*, 158 Wn.2d at 494. The party seeking dismissal bears the burden of showing that dismissal is warranted. *Auto United*, 175 Wn.2d at 222.

To determine whether joinder is needed for a just adjudication, a court engages in a three-step analysis. *See Auto United*, 175 Wn.2d at 221-22. It determines (1) whether the absent party is necessary, (2) whether joinder is feasible, and (3) if joinder is not feasible, whether the action should still proceed without the party. *Id.*; *see* CR 19(a), (b). Under CR 19(a), a "necessary" party is a party whose absence from the proceeding would prevent the trial court from affording complete relief to the existing parties, or a party whose absence would either impair the absent party's interest or subject an existing party to inconsistent or multiple liability. *Coastal Bldg. Corp. v. City of Seattle*, 65 Wn. App. 1, 4-5, 828 P.2d 7 (1992).

Here, the trial court correctly concluded that Frye-Downie is a necessary party for both of Frye's breach of contract and judicial foreclosure claims.[4] First, the parties agree that Frye and Frye-Downie are copayees without alternative on

---

[3] Northshore moved to dismiss under CR 12(b)(6). But because CR 12(b)(7) governs motions to dismiss for failure to join a necessary party under CR 19, we analyze this issue under CR 12(b)(7).

[4] The trial court cited *Mayo v. Jones*, 8 Wn. App. 140, 505 P.2d 157 (1972), in support of its conclusion that Frye-Downie is a necessary party. That case involved an analysis of whether former spouses holding a chose in action as tenants in common were necessary parties to bring a common law replevin action. *Id.* at 141-42. While we agree that Frye-Downie is a necessary party to Frye's lawsuit, we disagree that *Mayo* controls the analysis here.

the Note and that the Note is a negotiable instrument governed by the Uniform Commercial Code (UCC), Title 62A RCW.[5] Under RCW 62A.3-110(d), "[i]f an instrument is payable to two or more persons not alternatively, it is payable to all of them and may be negotiated, discharged, or enforced only by all of them." So, without joining Frye-Downie to Frye's lawsuit, the trial court cannot provide complete relief among the parties as to enforcement of the Note because it cannot issue a judgment fully discharging Northshore as to both payees.[6] And as prospective joint tenants to the Deed, Frye and Frye-Downie each share an undivided interest in the whole of the property. *See Merrick v. Peterson*, 25 Wn. App. 248, 258, 606 P.2d 700 (1980) (In a true joint tenancy, each of the tenants has an undivided interest in the whole.). So, Frye's judicial foreclosure action directly affects both parties' property interests, and adjudicating her claim in Frye-Downie's absence risks impairing Frye-Downie's interest or exposing Northshore to inconsistent obligations.[7]

Still, even if a trial court determines that a person is necessary to a lawsuit, it must conduct a complete analysis under CR 19 before dismissing the

---

[5] *See* RCW 62A.3-103.

[6] Frye argues for the first time on appeal that the UCC provides an exception to the requirement that both copayees must enforce a promissory note. That exception provides for enforcement by one copayee when there has been a judicial determination that only that payee owns the note in full. But Frye's citations in support of her argument do not correspond to such an exception. *See, e.g.*, *Litchfield v. Pfeffer*, 116 N.H. 485, 363 A.2d 413 (1976). In any event, Frye did not allege in her complaint—nor does the record show—that there has been a judicial determination that she is the sole owner of the Note.

[7] Northshore also argues that Frye cannot foreclose on the Deed because she subordinated her interest to PBRELF I. But Frye alleges that the subordination agreement is no longer in effect. Frye sufficiently supports her allegation to avoid dismissal of her forfeiture claim under CR 12(b).

lawsuit. *See Auto. United*, 175 Wn.2d at 221-22. Once the court decides the absent party is necessary, it must then determine whether joinder is feasible. *Id.* If an absent necessary person is "subject to service of process" and joinder "will not deprive the court of jurisdiction over the subject matter of the action," the court shall order that the person be made a party. CR 19(a). And if the person should be joined as a plaintiff but refuses to do so, "the person may be made a defendant, or, in a proper case, an involuntary plaintiff." CR 19(a)(2)(B). Finally, even if joinder is not feasible, the court must consider whether "in equity and good conscience" the action should proceed among the current parties or whether it should dismiss the action with a determination that the absent person is "indispensable." CR 19(b).

The trial court here failed to address these questions. It did not consider whether it was proper to join Frye-Downie as an involuntary plaintiff or whether naming Frye-Downie as a defendant in the lawsuit sufficiently protected her interests and prevented Northshore from exposure to inconsistent obligations. Nor did it determine whether Frye-Downie is an indispensable party if joinder is not feasible.

Northshore does not substantively respond to Frye's CR 19 argument on appeal. Instead, it argues that Frye waived the argument because she "did not so much as mention CR 19 below nor argue it was proper for her claims against North[s]hore to proceed where she named Frye-Downie 'as a defendant' under CR 19." But Northshore moved to dismiss Frye's lawsuit on the ground that she "cannot maintain the current action without joining [Frye-Downie] as a plaintiff." It

7

argued that "CR 19 concerns the joinder of persons needed for a just adjudication" and cited to both CR 19(a) and (b). And it described the "three-step process" the court must apply to determine whether an absent party is necessary, whether joinder of that party is feasible, and whether the lawsuit should proceed nonetheless. So, the issue of joinder was squarely before the trial court. In any event, either party or the court may raise CR 19 issues for the first time on appeal. *Woodfield Neigh. Homeowner's Ass'n v. Graziano*, 154 Wn. App. 1, 3-4, 225 P.3d 246 (2009).

Because the court did not engage in a full CR 19 analysis before dismissing Frye's lawsuit, we reverse and remand for further proceedings.

_____, ACJ

WE CONCUR:

_____        _____